**MIDWEST PACKERS TRAFFIC ASSOCIATION and Armour Food Company, Petitioners,**

v.

**The INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.**

No. 78–1396.

United States Court of Appeals, Eighth Circuit.

June 29, 1978.

Rehearing and Rehearing En Banc Denied Aug. 10, 1978.

Eugene D. Anderson, Washington, D. C., and D. Douglas Titus, Titus, Holman & Myers, Benson Bldg., Sioux City, Iowa, for petitioners.

John H. Shenefield, Asst. Atty. Gen. and Robert Lewis Thompson, Atty., Dept. of Justice, Washington, D. C., and Mark L. Evans, Gen. Counsel, Henri F. Rush, Assoc. Gen. Counsel and Alan J. Thiemann, Atty., I.C.C., Washington, D. C., for respondents.

Before GIBSON, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

## ORDER

This case is before the Court on a petition for review of an Order of the Interstate Commerce Commission and on a motion for injunctive relief pending review of the final decision in Case No. 68115 which gave rise to that order. The decision was entered on May 19, 1978 with the effective date of May 31, 1978. Respondents have filed a motion to dismiss.

As a result of the decision, a new tariff rule was implemented. The rule involved a change in the procedure for unloading meat. Previously, the duty to unload meat transported in loose or carcass form rested with the motor carriers. The new regulation provides that loading and unloading from the vehicle is the responsibility of the "shipper, consignee, owner, or their agents."

Petitioners base their challenge to this order on the fact that it is inconsistent with the final decision of Interstate Commerce Commission Case no. 35054 which held that motor carriers could eliminate the duty to unload but must adjust the price accordingly. Since the regulation fails to provide for price adjustment in accordance with the decision in Case no. 35054, the petitioners contend it is unlawful.

Respondents contend that this Court is without jurisdiction either to grant a stay or to review the order at this time, based on the general principle enunciated in *Arrow Transportation Co. v. Southern Railroad Co.*, 372 U.S. 658, 83 S.Ct. 984, 10 L.Ed.2d 52 (1963), that the Interstate Commerce Commission has exclusive jurisdiction to suspend rates pending a final determination of their lawfulness. This principle was reiterated in *United States v. SCRAP*, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973), in which the Court stated ". . . *Arrow* was grounded on the lack of power in the courts to grant any injunction before the Commission had finally determined the lawfulness of the rates . . ." 412 U.S. at 691, 93 S.Ct. at 2418. *See Transalaska Pipeline Rate Cases*, —— U.S. ——, ——, n. 17, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978).

Consistent with *Arrow, supra,* and *SCRAP, supra,* we hold this Court is without jurisdiction to review the Commission's failure to suspend the new rates or to enter injunctive relief.

Inasmuch as the Interstate Commerce Commission's Order instituted an investigation into the legality of the new tariff, this Court is without jurisdiction to entertain the petition for review pending final determination by the Interstate Commerce Commission of the lawfulness of the tariff. *See* 28 U.S.C. § 2342.

Accordingly, respondents' motion to dismiss is granted.