652 F.2d 422
 SAN ANTONIO, TEXAS, Acting By and Through its CITY PUBLIC
SERVICE BOARD, Plaintiff-Appellee,
v.
BURLINGTON NORTHERN, INC., The Colorado and Southern Railway
Company, FortWorth and Denver Railway Company and
Southern Pacific Transportation Company,
Defendants-Appellants.
SAN ANTONIO, TEXAS, Acting By and Through its CITY PUBLIC
SERVICE BOARD, Petitioner,
v.
UNITED STATES of America and Interstate Commerce Commission,
Respondents.
 Nos. 81-1150, 81-4141.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A
 July 20, 1981.
 Paul M. Haygood, New Orleans, La., Thomas W. Merrill, Chicago, Ill., R. Eden Martin, Washington, D. C., Alan R. Post, Asst. Gen. Sol., Burlington Northern, St. Paul, Minn. Stuart E. Vaughn, San Francisco, Cal., for defendants-appellants.
 Slover & Loftus, William L. Slover, C. Michael Loftus, Washington, D. C., J. David Forsyth, Cicero C. Sessions, New Orleans, La., for plaintiff-appellee.
 Stuart Fryer, Asst. Atty. Gen., Austin, Tex., for intervenor, state of Texas.
 Timm Abendroth, I.C.C., Washington, D. C., Kenneth P. Kolson, John J. Powers, III, Dept. of Justice, Washington, D. C., for respondents.
 Appeal from the United States District Court for the Western District of Texas.
 Petition for Review of an Order of the Interstate Commerce Commission.
 Before BROWN, POLITZ and TATE, Circuit Judges.
 
 BY THE COURT:
 
 1
 IT IS ORDERED that the motion of San Antonio, Texas, appellee-petitioner, for clarification of the Court's decision of June 19, 1981, is GRANTED and the clarification is filed simultaneously herewith.
 
 
 2
 IT IS FURTHER ORDERED that the motion of San Antonio, Texas, appellee-petitioner, for stay of mandate and enlargement of time for the filing of a petition for rehearing for a period of 14 days from the Court's disposition of the petition for clarification is GRANTED.
 
 CLARIFICATION
 POLITZ, Circuit Judge:
 
 3
 San Antonio seeks a clarification of our decision filed June 19, 1981. 650 F.2d 49. Specifically, San Antonio inquires as to the effect of the decision on its petition for review of the order of the Interstate Commerce Commission, entered April 7, 1981, in I.C.C. Docket No. 36180. Disposition of the petition for review, considered implicit in our decision, on reflection should be made explicit.
 
 
 4
 We noted our jurisdiction on appeal as being based on 28 U.S.C. § 1292(a)(1). We did not note jurisdiction under 28 U.S.C. §§ 2321 and 2342 which, inter alia, provide for judicial review of final orders of the Interstate Commerce Commission. The order of April 7, 1981, is not a final order, it did not approve or prescribe a new rate. Rather, the Commission vacated the San Antonio I prescription pending its reconsideration on remand of the San Antonio rate controversy. There being no final Commission determination of maximum reasonableness of a rate, and no rate agreement involved, the April 7, 1981 order will not support a petition for review by a court of appeals. Arrow Transp. Co. v. Southern R. Co., 372 U.S. 658, 83 S.Ct. 984, 10 L.Ed.2d 52 (1963); United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); Transalaska Pipeline Rate Cases, 436 U.S. 631, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978); Midwest Packers Traffic Ass'n v. I.C.C., 579 F.2d 473 (8th Cir. 1978).
 
 
 5
 Finding that no jurisdiction vests to review the order of April 7, 1981, the petition for review is DISMISSED.